UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HARVEY PRESTON,

Plaintiff,

v.

TERRY WILKINS et al.,

Defendants.

Case No. 2:26-cv-38

Honorable Jane M. Beckering

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This action was initially filed in the District Court for the Eastern District of Michigan but was transferred to this Court on February 17, 2026. (ECF No. 5.) Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2); however, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma*

*pauperis.*[1] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## **Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

> which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Preston v. White*, No. 2:03-cv-249 (W.D. Mich. Jan. 7, 2004); *Preston v. Duney*, No. 2:03-cv-253 (W.D. Mich. Jan. 6, 2004); *Preston v. Burch*, No. 1:03-cv-581 (W.D. Mich. Dec. 5, 2003). In addition, the Court previously has denied Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule. *See Preston v. Wilkins et al.*, 2:25-cv-272 (W.D. Mich. Mar. 16, 2026); *Preston v. Bonn*, No. 1:25-cv-389 (W.D. Mich. Aug. 28, 2025); *Preston v. Bonn et al.*, No. 1:25-cv-29 (W.D. Mich. Mar. 7, 2025); *Preston v. Hoffman et al.*, No. 2:24-cv-179 (W.D. Mich. Nov. 22, 2024); *Preston v. Bonn et al.*, No. 1:24-cv-588 (W.D. Mich. July 2, 2024); *Preston v. Davids*, No. 1:24-cv-416 (W.D. Mich. May 7, 2024); *Preston v. Rewerts et al.*, No. 1:24-cv-304 (W.D. Mich. Apr. 25, 2024); *Preston v. Russell*, No. 1:21-cv-312 (W.D. Mich. Apr. 29, 2021); *Preston v. Davids*, No. 1:18-cv-803 (W.D. Mich. Aug. 8, 2018); *Preston v. Smith et al.*, No. 1:18-cv-84 (W.D. Mich. Feb. 2, 2018); *Preston v. U.P. Health Sys. et al.*, No. 2:16-cv-201 (W.D. Mich. Sept. 30, 2016).

As explained below, in this action, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id*.

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan and the events about which he complains occurred at that facility. Plaintiff sues the following AMF staff: Warden Terry Wilkins, Assistant Deputy Warden Marsha Nurkala, Resident Unit Manager Timothy

Wilson, Correctional Officer (CO) Peter Capello, Psychologist Unknown Makela, CO Unknown Beasley, Sergeant Unknown Williams, Registered Nurse Unknown Nurmi, AMF Health Services, and CO Unknown Cherubini.

Plaintiff alleges that on January 15, 2026, Plaintiff had an evaluation with Defendant Psychologist Makela, who determined that Plaintiff "was having an episode." (Compl., ECF No. 1, PageID.10.) In response, Defendants Williams and Beasley placed Plaintiff into "soft restraints" to move Plaintiff to mental health observation (*Id.*) Plaintiff alleges that Defendant Wilkins ordered Plaintiff to be placed into soft restraints, and that Defendants Williams and Beasley "hogged tied" Plaintiff even though he was "never irate [and] always calm." (*Id.*) Plaintiff alleges that Defendants Capello, Beasley, Nurmi, and Williams applied the "soft restraints extremely tight" for four hours, which caused pain in Plaintiff's knees, wrists, back, neck, and stomach. (*Id.*, PageID.8, 10.) Plaintiff was moved out of mental health observation on January 16, 2026, after Defendant Makela made her rounds. (*Id.*, PageID.10.) That same day, Defendant Cherubini slammed Plaintiff's arm in the food slot. (*Id.*)

Plaintiff claims he was in segregation without a hearing from January 15, 2026, through January 26, 2026. (*Id.*) During that time, Plaintiff alleges he received "poisonous medications from health service" that caused migraines, chills, and vomiting. (*Id.*) Plaintiff further alleges that every food tray he received during that same time period was "poisoned by staff." (*Id.*) On January 25, 2026, his hot and cold water had "chemicals coming out of it." (*Id.*, PageID.8.) Plaintiff states that he is in segregation because of Defendant Wilkins, Nurkala, Wilson, and Makela, and that because he is seriously mentally ill, he "cannot be in segregation for more than 10 days." (*See id.*, PageID.8, 10.)

Plaintiff avers that the "imminent danger [is] likely to happen," and that his "life is in danger [because his] food trays are being poisoned by guards and [his] water is not drinkable." (*Id.*, PageID.18.) Plaintiff also claims that on an unspecified date, Defendant Nurkala informed Plaintiff that he is "not getting out of segregation" and that Plaintiff is "finished." (*Id.*)

The Court concludes that Plaintiff has failed to allege any facts which support a finding that he was in imminent danger at the time he filed this lawsuit. As an initial matter, Plaintiff's allegations regarding his placement in segregation are solely that he "cannot be in segregation for more than 10 days" because he is seriously mentally ill. (Compl., ECF No. 1, PageID.8.) Even if Plaintiff's segregation placement was ongoing at the time he filed, which is unclear from his complaint, his allegations are insufficient to establish that he is in danger of imminent physical injury. Plaintiff's complaint is devoid of any facts alleging how his mental illness creates an imminent danger of physical injury. The Court does not discount Plaintiff's claim that he is seriously mentally ill, but he has failed to sufficiently allege how his mental illness creates an imminent danger of physical injury after being in segregation for more than 10 days. *See Jones v. McColl*, No. 1:24-cv-894, 2024 WL 4297487 at *4 (W.D. Mich. Sept. 26, 2024).

Furthermore, regarding the application of Plaintiff's restraints and his arm being slammed in the meal slot, those incidents occurred on January 15, 2026, and January 16, 2026, respectively. (*Id.*, PageID.8.) Although Plaintiff alleges that the force used was excessive, the incidents occurred on distinct days in the past, and he does not allege that the force is continuing. Therefore, these allegations of force do not satisfy the "imminent danger" exception to the three-strikes rule. *See Rittner*, 290 F. App'x at 797–98.

Moreover, Plaintiff's conclusory assertions that he was being poisoned fail to demonstrate that he is in imminent danger of serious physical injury. Plaintiff provides specific past dates for

the poisoning of his medication, food, and water. (*Id.*, PageID.10.) Then, Plaintiff makes the claim that the imminent danger from poisoning is *likely* to happen, but provides no facts to support his assertion. (*See id.*, PageID.18.) Plaintiff has routinely made similar poisoning allegations about officials at different prisons, beginning as early as 2003, which this Court held were inadequate to state a claim because they were conclusory. *See Preston v. Duney*, No. 2:03-cv-253 (W.D. Mich. Jan. 6, 2004) (dismissing for failure to state a claim Plaintiff's complaint that the defendant must have tampered with his meal at the Marquette Branch Prison because he felt an immediate throbbing on both sides of his neck after the defendant gave him his food tray); *Preston v. Burch*, No. 1:03-cv-581 (W.D. Mich.) (attaching grievances alleging Oaks Correctional Facility personnel poisoned his food on numerous occasions); *see also Preston v. U.P. Health Sys. et al.*, No. 2:16-cv-201 (W.D. Mich.) (alleging that health services ignored his conclusory complaints that personnel at the Marquette Branch Prison poisoned his food on many occasions, causing him head and chest pain). Likewise, this Court has previously denied leave to proceed *in forma pauperis* under the imminent-danger exception based on nearly identical, wholly conclusory allegations that different defendants poisoned his food 2017, 2024, 2025, and again in early 2026. *See Preston v. Wilkins et al.*, 2:25-cv-272; *Preston v. Bonn et al.*, No. 1:25-cv-29 (W.D. Mich.); *Preston v. Hoffman et al.*, No. 1:24-cv-588 (W.D. Mich.); *Preston v. Davids*, No. 1:24-cv-416; *Preston v. Rewerts et al.*, No. 1:24-cv-304 (W.D. Mich.); *Preston v. Smith et al.*, No. 1:18-cv-84 (W.D. Mich.). Here, Plaintiff fails to identify any individual action taken by any individual Defendant to poison him. Under these circumstances, Plaintiff's conclusory allegations fail to contain sufficient facts to demonstrate that he is in imminent danger of serious physical injury from consuming allegedly poisonous medication, food, or water.

Lastly, with respect to Plaintiff's allegation that on an unspecified date, Defendant Nurkala informed Plaintiff that he is "not getting out of segregation" and that Plaintiff is "finished," Plaintiff's allegation "'must be sufficient to allow a court to draw reasonable inferences' that the threat is 'real and proximate' and that the 'danger of serious physical injury' exists." *Jackson v. Bolton*, No. 23-1701, 2024 WL 314530 at *2 (6th Cir. Jan. 24, 2024) (quoting *Vandiver*, 727 F.3d at 585). In *Jackson*, the Sixth Circuit concluded that Jackson had sufficiently alleged that a threat to kill him if he pursued lawsuits set forth imminent danger of serious physical harm because Jackson had alleged that he found a razor blade in a biscuit, and also because his "allegations were specific as to the person who made the threat, the content of the threat, and the date, time, and place that the threat occurred." *Id.* Here, Plaintiff only alleges that Defendant Nurkala said that Plaintiff is "not getting out of segregation" and that Plaintiff is "finished." (Compl., ECF No. 1, PageID.18.) Plaintiff provides no facts regarding the date of the threat or the context of the threat received from Defendant Nurkala. This vague allegation does not allow the Court to draw a reasonable inference that a threat is "real and proximate." *See Jackson*, No. 23-1701, 2024 WL 314530 at *2.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[2]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.

Dated: August 12, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.